STATE OF MAINE                              SUPERIOR COURT
CUMBERLAND, ss.                             CIVIL ACTION
                                            DOCKET NO: CV-07-576


PEOPLE'S UNITED BANK D/B/A
MAINE BANK AND TRUST

                Plaintiff
                                                    ORDER
        v.

NICHOLAS KAMPF and
LOLA KAMPF

                Defendants


        This case comes before the Court on Plaintiff's second motion for

summary judgment, made pursuant to M.R.Civ.P. 56, and Defendants' motion to

strike Plaintiff's second motion for summary judgment and statement of material

facts, made pursuant to M.R. Civ. P. 12(f).


                                BACKGROUND

        On January 24, 2001, Maine Bank and Trust (MB&T) and Nicholas and

Lola Kampf (the Kampfs) entered into a line of credit (LOC) agreement with a

limit of $165,000.00. MB&T alleges that, as of December 18, 2007, the Kampfs are

in default under the terms of the LOC in the amount of $189,293.40. The Kampfs

allege that they do not owe any amount under the LOC because on September

28, 2004, they sent to MB&T a payment constituting the full amount owed,

thereby closing the LOC.

        On December 21, 2007, MB&T filed a motion for summary judgment on a

single count of breach of contract alleged against the Defendants. On September

24, 2008, this Court denied MB&T's motion. This decision was based on the

finding that a genuine issue of material fact, namely the continued existence of the LOC, was in dispute.

On January 13, 2009, People's United Bank (People's), as successor-in-interest, was substituted as the plaintiff in this matter. On March 23, 2009, People's filed the present motion for summary judgment.[1] While this motion makes the same argument as made in the prior motion for summary judgment, the present motion is supported by additional record evidence.[2]

In response, on April 15, 2009, Defendants filed a motion to strike, or in the alternative deny, People's second motion for summary judgment and statement of facts. There, Defendants argue that People's motion for summary judgment, which is supported with record evidence that was not provided to Defendants until March 12, 2009, is untimely. They point to this Court's scheduling order, issued on November 8, 2007, which set the discovery deadline for July 8, 2007 and the motions deadline for August 8, 2007. Based on this, Defendants argue that not only is the summary judgment motion untimely, but further, the motion is based on records which were (1) ascertained after the discovery period had ended, and (2) not provided to Defendants despite the fact that they had requested such records in their March 13, 2008 document request.

---

[1] Prior to this, on February 17, 2009, People's filed a motion to supplement or amend its pleadings in an effort to add two additional counts, based on the theories of *quantum meruit* and unjust enrichment, to its complaint. While People's March 23 motion seeks summary judgment on all three counts, on April 13, 2009, this Court denied People's motion to supplement and amend, thereby mooting People's motion for summary judgment as to these two additional counts. Therefore, People's present motion seeks only summary judgment on the original breach of contract claim.

[2] Specifically, the present motion for summary judgment is supported by a LOC account history printout, which is alleged to delineate all transactions that occurred on the Defendants' LOC, and which shows that, after the Defendants made the September 24, 2008 payment-in-full, they continued to draw funds from the LOC.

2

Other than filing this motion, the Defendants have not responded to People's motion for summary judgment or its statement of material facts.

DISCUSSION

I.    Defendants' Motion to Strike People's Motion for Summary Judgment and Statements of Fact

Under M.R. Civ. P. 12(f) "[u]pon motion made by a party before responding to a pleading. . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Further, under the Maine rules, a pleading is defined as

> a complaint and an answer, and a disclosure under oath, if trustee process is used; and there shall be a reply to a counterclaim denominated as such; an answer to a cross claim, if the answer contains a cross-claim denominated as such; a third party complaint, if a person who was not an original party is summoned under Rule 14; and there shall be a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

M.R.Civ.P 7(a).

Under the rules, motions for summary judgment are not "pleadings," but rather, according to M.R. Civ. P. 56 (a) and (b), are motions. Further, under M.R. Civ. P. 56(i)(1), "[m]otions to strike factual assertions, denials, or qualifications contained in any statement of material facts filed pursuant to this rule are not permitted."[3] As such, Defendant's motion to strike People's motion for summary judgment and statement of facts is not allowed under the Rules, and thus, must be denied.

---

[3] The rule goes on to state that "[i]f a party contends that the court should not consider a factual assertion, denial or qualification, the party may set forth an objection in either its opposing statement or in its reply statements and shall include a brief statement of the reason(s) for the objection and any supporting authority or record citations." M.R. Civ.P. 56(i)(1).

II.    People's Second Motion for Summary Judgment

A.    Scheduling Order Issues

The scheduling order, issued by this Court on November 8, 2007, set the discovery deadline for July 8, 2008 and the motions deadline for August 8, 2008. People's motion for summary judgment was not filed until March 23, 2009, more than 8 months after the time in which to file motions had expired. Under M.R. Civ. P. 16(a)(1), "[t]he standard scheduling order shall not be modified except in accordance with Rule 16(a)(2) or on motion for good cause shown."[4]

People's points to M.R. Civ. P. 26(e)(2), which states that "a party is under a duty seasonably to amend a prior response if the party obtains information upon which . . . the party knows that the response was incorrect when made." Further, People's points out that, at the very least, "any counsel whose preparation reveals substantial inaccuracies or incompleteness in his client's prior responses to discovery should promptly notify the discovering party of the correct information." Field, McKusick & Wroth, *Maine Civil Practice*, § 26.18 at 445 (2d ed. 1977). Based on these discovery principles, People's argues that its use of a printout detailing the Defendants' use of the LOC in its second motion for summary judgment, while untimely, is proper.

---

[4] Under Rule 16(a)(2), "at any time on the Court's own initiative, the standard scheduling order may be modified or supplemented to address the requirements of a case not addressed by the standard scheduling order. The court, after conferring with the parties and considering the nature of the case, may in the modified or specialized scheduling order establish deadlines, schedules, or other orders for the efficient preparation of the case for trial. Once entered, the modified order shall not be further modified except for good cause shown." As the original scheduling order addressed and set deadlines for the time in which motions were to be filed, Rule 16(a)(2) is inapplicable, and therefore, People's must show good cause for amending the scheduling order to allow this motion to be considered.

4

While People's is correct in asserting that, under the Rules, they are obligated to supplement discovery responses when necessary, this cannot change the fact that the motion for summary judgment, which was supported in part by the LOC account history record evidence, was filed more than 8 months after the motions deadline had expired. Therefore, putting aside the discovery issue, in order for this Court to consider People's motion for summary judgment, People's must show good cause for the untimely filing of their second motion for summary judgment. It has failed to do so.

In an effort to make a showing of good cause for its late filing, People's argues that all parties were on actual or constructive notice that the LOC account history existed after the April 3, 2008 deposition of Robert Burgess, vice president of People's, but that, through People's "inadvertence," the actual document was not produced at that time. However, the focus of a "good cause" analysis centers not on the use of mere words, like inadvertence, but rather, focuses on the reasons behind a filing delay. Here, People's have provided no actual explanation as to (1) why it failed to produce the LOC loan history during the discovery period, and more importantly, (2) why it was necessary, given the fact that all parties were on notice that such a LOC loan history existed well before the motions deadline expired[5], to file the present motion for summary judgment in such an untimely fashion. As such, People's has not met its burden

---

[5] If all parties were on notice of this LOC account history after the April 3, 2008 deposition of Robert Burgess, as is argued by People's, it still had over four months to file a motion for summary judgment before the motions deadline expired on August 8, 2008. People's provides literally no explanation as to why this was never done. Admittedly, at the time of Mr. Burgess deposition, People's predecessor-in-interest had a motion for summary judgment, filed on December 21, 2007, pending before this Court, it was could have sought to amend or supplement its motion for summary judgment so that this record evidence could be considered.

of showing good cause for their late filing, and thus, its motion for summary judgment must be denied.

**Therefore, the entry is:**

>Defendants' motion to strike is DENIED. Plaintiff's second motion for summary judgment is DENIED.

>The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: _June 2, 2009_

Roland A. Cole
Justice, Superior Court

DAVID WEYRENS ESQ
PO BOX 7508
PORTLAND ME 04112

*Defendant*

BRUCE HOCHMAN ESQ
PO BOX 15215
PORTLAND ME 04112

*Plaintiff*